IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In Re:<br><br>HECTOR L VINCENTI COLON<br>DIANESIS M FIGUEROA CRUZ<br>XXX-XX-3732<br>XXX-XX-5032<br><br><br><br>Debtor(s) | Case No. 15-05896 (EAG)<br><br><br><br><br><br>Chapter 13 |

**POSITION IN COMPLIANCE WITH ORDER (DOCKET NO. 38)**

**TO THE HONORABLE COURT:**

   **NOW COMES** José R. Carrión, Chapter 13 Trustee, through the undersigned attorney, and very respectfully states and requests:

   1.  On August 1, 2014, Debtor filed a bankruptcy petition under Chapter 13 of the Bankruptcy Code.

   2.  In Schedule D of the bankruptcy petition, Debtor listed a loan with Cooperativa de Ahorro Y Crédito de Lajas over a property located in Rafael Hernandez #9, Urb Verdum, Hormigueros, Puerto Rico. (Docket No. 1 at page 17).

   3.  On April 7, 2014, Cooperativa de Ahorro Y Crédito de Lajas ("Cooperativa") filed a proof of claim number 1-1 in the total amount of $29,081.33, classified as an secured claim. (Claim number 3-1).

   4.  On November 30, 2015, the Trustee filed an objection to Cooperativa's classification of claim as secured creditor. (Docket No. 32). Trustee stated in his objection that Cooperativa failed to

submit evidence of a perfected security interest over a real property owned by Debtor pursuant to Fed. R. Bankr. P. 3001(d).

5.   On December 2, 2015, Cooperativa filed an amended proof of claim 5-1 in the amount of $ **$37,651.73**, classified as a secured claim.

6.   On December 10, 2015, the Trustee filed a second an objection to Cooperativa's classification of claim as secured creditor. (Docket No. 36). Trustee once again stated in his objection that Cooperativa failed to submit evidence of a perfected security interest over a real property owned by Debtor pursuant to Fed. R. Bankr. P. 3001(d).

7.   On December 30, 2015, Cooperativa filed third an amended proof of claim 6-1 in the amount of $37,982.64, classified as a secured claim.

8.   On January 4, 2016, Cooperativa filed an "Answer To Trustee's Objection To Claim Number 5" (the "Answer"). (Docket No. 37) In the Reply, Cooperativa argued that the proof of claim included copy of the Mortgage Note and Deed duly registered at the Property Registry. Cooperativa also stated that to support the debtor's relation with the mortgage, the creditor included copy of the of the Register Certificate, the same is illegible, eventough the certificate is illegible, if we review the documents included with the amended proof of claim 5-1, there is a Note and Warranty executed by Yaritza Lucena Lopez, Yahaira Lucena Lopez, (debtor's Mr. Lucena daughters), Mrs. Evelyn Lopez Ramirez (debtor ex-spouse) and Mr. Hector L Vincenti Colon, debtor in the preset case.

9. On January 11, 2016, this Honorable Court entered an Order directing the Trustee to state his position as to Cooperativa's Answer' to the objection to claim number 3. (Docket No. 38)

10. In compliance with the Order, the Trustee hereby submit his position as to Cooperativa Answer' to Trustee's objection to claim. It is the Trustee's position Cooperativa has an unsecured claim in the amount of $ **37,982.64.**

11. Section 506(a) of the Bankruptcy Code provides as follows:

> An *allowed* claim of a creditor secured by a lien on property *in which the estate has an interest,* or that is subject to setoff under section 553 of this title, is a secured claim to the extent of the value of such *creditor's interest in the estate's interest* in such property, or to the extent of the amount subject to setoff, as the case may be, *and* is an unsecured claim to the extent that the value of such creditor's interest or the amount so subject to setoff is less than the amount of such allowed claim. Such value shall be determined in light of the *purpose of the valuation* and of the proposed *disposition or use* of such property, and in conjunction with any hearing *on such disposition or use or on a plan* affecting such creditor's interest.11 U.S.C. §506(a)

12. A claim is a right to payment, whether secured or unsecured. 11 U.S.C. §101(5). Because of this, the first step in the claims process is always to determine whether there is a right to payment. If not, the inquiry is at an end. If, however, the answer to the question is yes and the creditor holds a lien upon property, the court must then determine whether the claim is a "secured claim" as that term is defined by the Bankruptcy Code. *See,* 11 U.S.C. §506(a).

13. In order to have a secured claim, the creditor must not only have a lien upon property <u>but its collateral must also be property of the bankruptcy estate.</u> *In re Wilson,* <u>206 B.R. 808, 810 (Bankr.W.D.N.C.1996)</u> (claim secured by property that is not property of the estate is not a secured claim). Furthermore, that collateral must have sufficient value so that, upon liquidation, its sale would generate proceeds which could be paid to the creditor on account of the lien. Consequently, determining secured claims against a bankruptcy estate is really a process which involves at least three separate steps.

14. The first step answers the question of whether there is a right to payment. If so, the second asks whether the claim is secured by a lien upon property of the bankruptcy estate, and the third involves a valuation of that collateral. *See,* Ginsberg & Martin on Bankruptcy, § 10.08(N) (4th ed. Supp.1998). *See also, <u>In re Beard,</u> <u>112 B.R. 951, 955 (Bankr.N.D.Ind.1990)</u>* (identifying three different ways a secured claim may be challenged). It is important to remember, however, that each of these steps represents an independent inquiry and the failure to successfully complete one step does not change the conclusions that were reached earlier in the process. *Cf. <u>In re Jones,</u> <u>152 B.R. 155, 161 (Bankr.E.D.Mich.1993)</u>* (generally, the value of a creditor's collateral has no bearing on the allowability of its claim). In other words, the fact that a creditor's collateral it not worth enough to generate proceeds that can be paid on account of its lien does not mean that either the debt or the lien did not exist;

only that the lien was worthless. Similarly, the fact that a creditor does not hold a lien upon property of the estate does not mean there is no underlying right to payment; only that the claim is not "secured" in the bankruptcy sense of the word.

15. Properly filed proof of claim "constitute[s] prima facie evidence of the validity and the amount of the claim." Fed. R. Bankr.P. Rule 3001(f). Pursuant to Section 502 of the Bankruptcy Code, claims are deemed allowed unless objected to. 11 U.S.C. § 502(a). In the event an objection is filed, the Bankruptcy Code also provides guidance for determining the amount of the creditor's claim and the reasons why it may be denied. The court is directed to determine the amount of the claim "... as of the date of [the] petition, and shall allow [the] claim in [that] amount, except to the extent that" one or more of nine separate sets of circumstances may be found to exist. 11 U.S.C. § 502(b)(1)-(9). The term "shall" is mandatory and generally acts as a command. *Anderson v. Yungkau, 329 U.S. 482, 485, 67 S.Ct. 428, 91 L.Ed. 436 (1947)*. Congress' use of the word "shall" in Section 502(b) indicates that the court has no discretion and that it cannot deny a claim for reasons beyond those stated in the statute. *Cf., Petro v. Mishler, 276 F.3d 375, 378 (7th Cir.2002)* (court must confirm a chapter 13 plan that complies with the requirements of the statute and may not use its equitable powers to expand those requirements); *Matter of Fesco Plastics, 996 F.2d 152, 156 (7th Cir.1993)* (court may not use its equitable powers to create exceptions beyond those contained in the

Code). Consequently, a claim may not be denied for just any reason, but only for one of the reasons Congress has included in Section 502(b). *In re Fareed,* 262 B.R. 761, 765 (Bankr.N.D.Ill.2001). *See also, In re Hausladen,* 146 B.R. 557, 559 (Bankr.D.Minn.1992).

16. In this case, Cooperativa demonstrates a right to payment because Cooperativa gave Debtor, his daughters Yaritza Lucena Lopez, Yahaira Lucena Lopez, and his ex-spouse Mrs. Evelyn Lopez Ramirez, a loan. The second step is to determine if the claim filed by Cooperativa is a secured or unsecured claim.

17. A review of the, Mortgage Deed and Register Certificate attached to the claim number 1, indicates that the collateral of Cooperativa is property located in Rafael Hernandez #9, Urb Verdum, Hormigueros, Puerto Rico, and that the sole owners of the property are debtor's daughters Yaritza Lucena Lopez, Yahaira Lucena Lopez. They the property was donated by debtor and her ex-spouse in 1990 to their daughter "donacion Graciosa".

18. Debtor has not listed in Schedule A the property as property of the estate, on the other hand debtors listed the property in schedule D as follows property located in Rafael Hernandez #9, Urb Verdum, Hormigueros, Puerto Rico, Debtor's daughters are the owners of the property. (Docket No. 1). Therefore, Cooperativa has failed to demonstrate that the collateral of its claims is property of the estate.

**WHEREFORE,** the Trustee respectfully requests that this motion be granted for the reason herein set forth and that this Court enter an Order:

(a) Reclassifying the objected claims no 1, no, 3 and no.5 as unsecured claim,

(b) Clarify that claims no 1, no. 3 and no.5 pertain to the same account the Trustee will make only disbursement to claim no. 5 as an unsecured.

(c) Deem the Trustee in compliance with the Order entered at docket number 38.

**CERTIFICATE OF SERVICE:** Pursuant to BR 3007 the Chapter 13 Trustee certifies that a copy of this motion has been served by regular US Mail on this same date to: **Cooperativa de Ahorro y Crédito de Lajas**, 47 Sur, Calle 65 de infabateris, Ste 1, Lajas, P.R. 00667, **creditor's counsel**, Osvaldo Ortiz Medina, 29 Baldorioty St., Cabo Rojo, P.R. 00623, the Debtor(s), and his/her/their attorney.

In San Juan, Puerto Rico this 1st day of February of 2016.

/S/ JULIEL PEREZ MENDEZ

Staff Attorney
USDC-PR No. 228304
JOSE R. CARRIÓN-MORALES
CHAPTER 13 TRUSTEE
P.O. Box 9023884
San Juan, P.R. 00902-3884
Tel (787) 977-3535
Fax (787) 977-3550